JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
SUSAN ALLISON (Bar No. 133448)
*sallison@jmbm.com*
JESSICA C. BROMALL (Bar No. 235017)
*jbromall@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendants:
CELS ENTERPRISES, INC. and ROBERT GOLDMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCK AND ROLL RELIGION, INC., a California corporation,<br><br>Plaintiff/Counter-defendant,<br><br>v.<br><br>CELS ENTERPRISES, INC. a New York corporation; ROBERT GOLDMAN, an individual<br><br>Defendants/Counterclaimants | CASE NO. 08 CV 2347 BEN LSP<br><br>**DEFENDANTS CELS ENTERPRISES, INC.'S AND ROBERT GOLDMAN'S ANSWER TO COMPLAINT AND COUNTERCLAIM AGAINST ROCK AND ROLL RELIGION, INC.**<br><br>**DEMAND FOR JURY TRIAL** |
| CELS ENTERPRISES, INC., a New York corporation; ROBERT GOLDMAN, an individual,<br><br>Counterclaimants,<br><br>v.<br><br>ROCK AND ROLL RELIGION, INC., a California corporation; and DOES 1 through 10 inclusive,<br><br>Counterdefendants. | |

Defendants Cels Enterprises, Inc. ("Cels") and Robert Goldman ("Goldman") (collectively, "Defendants"), by and through their undersigned counsel, answer plaintiff Rock and Roll Religion, Inc.'s ("Plaintiff") complaint as follows. Unless indicated differently, each paragraph below corresponds with the paragraph of the Complaint bearing the same number. To the extent any unnumbered captions or headings in the Complaint are treated as allegations, such captions and headings are hereby denied.

**JURISDICTION**

1. Defendants admit that Plaintiff purports to bring an action pursuant to the Lanham Act, but deny that Plaintiff's claim for declaratory relief has any merit.

**VENUE**

2. Defendants admit that venue is proper in this judicial district with respect to Cels. Defendants admit that Cels conducts business in this judicial district. To the extent that the remaining allegations in Paragraph 2 of the Complaint require a response, Defendants deny each remaining allegation.

3. Defendants admit that venue is proper in this judicial district with respect to Goldman. Defendants admit that Goldman is the owner and CEO of Cels. Defendants admit that this case arises from its claims regarding the trademark CHINESE LAUNDRY. To the extent that the remaining allegations in Paragraph 3 of the Complaint require a response, Defendants deny each remaining allegation.

**PARTIES**

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and on that basis deny those allegations.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

**GENERAL ALLEGATIONS**

7. Defendants admit that U.S. Reg. No. 2,894,884 in all respects speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and on that basis deny those allegations.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis deny those allegations.

9. Defendants admit that they sent the letter attached to the Complaint as Exhibit C to Plaintiff on or about November 4, 2008. Defendants further admit that Exhibit C in all respects speaks for itself. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit that they filed a petition to cancel U.S. Reg. No. 2,894,885 on or about November 24, 2008. Defendants further admit that Exhibit D to Plaintiff's Complaint in all respects speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and on that basis deny those allegations.

11. Defendants admit that they filed an opposition to U.S. Application Ser. No. 77/425,262 on or about November 24, 2008. Defendants further admit that Exhibit E to Plaintiff's Complaint in all respects speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and on that basis deny those allegations.

12. Defendants admit that Exhibits D and E to Plaintiff's Complaint in all respects speak for themselves.

13. Defendants admit that Exhibits D and E to Plaintiff Complaint in all respects speak for themselves. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and on that basis deny those allegations.

14. Defendants admit that Exhibits D and E to Plaintiff Complaint in all respects speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and on that basis deny those allegations.

**CLAIM FOR RELIEF**

15. In response to Paragraph 15 of the Complaint, Defendants hereby repeat and incorporate herein by reference, the responses to Paragraphs 1 through 14 of the Complaint above, as though fully set forth herein.

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions and require no response from Defendants. To the extent a response is required, Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and on that basis deny those allegations.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

(Failure to State a Claim)

1. The Complaint, and each alleged claim for relief therein, fails to state a claim upon which relief may be granted.

**Second Affirmative Defense(s)**

2. There may be additional affirmative defenses to the purported claims for relief alleged by Plaintiff that are currently unknown to Defendants, and Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory allegations made in the Complaint. Accordingly, Defendants expressly reserve the right to assert further affirmative defenses in the event discovery or other information indicates they are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint and that judgment be entered in favor of Defendants;

2. That Defendants be awarded their costs and attorneys' fees incurred herein; and

3. That the Court grant such other relief as it deems just and proper.

## COUNTERCLAIM OF DEFENDANTS CELS AND GOLDMAN

For their counterclaim in this action, counterclaimants Cels Enterprises, Inc. ("Cels") and Robert Goldman ("Goldman") (collectively, "Counterclaimants") allege against counterdefendant Rock and Roll Religion, Inc. ("Counterdefendant") as follows:

## JURISDICTION

1. This action arises under the Federal Trademark Act (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq*., and related California statutory and common law. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. §§ 1119 and 1121. The Court has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

2. Counterclaimant Goldman is an individual residing in Beverly Hills, California.

3. Counterclaimant Cels is a corporation organized under the laws of the State of New York, with its principal place of business at 3485 South La Cienega Blvd., Los Angeles, California 90016.

4. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendant Rock and Roll Religion, Inc. is a California corporation with its

PRINTED ON RECYCLED PAPER

main offices located at 3131 S. Broadway, Los Angeles, California 90007. Counterclaimants are informed and believe, and on that basis allege, that, at all times relevant hereto, Counterdefendant was, and is, doing business in this judicial district.

5. Counterclaimants are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of counterdefendants Does 1 through 10, inclusive, or any of them, and therefore sues these counterdefendants, and each of them, by such fictitious name. Counterclaimants will seek leave of Court to amend this Counterclaim when the identities of these counterdefendants are ascertained. Counterdefendant and Does 1-10 are referred to herein collectively as "Counterdefendants."

6. Counterclaimants are informed and believe, and on that basis allege, that each counterdefendant conspired and acted in concert with each other to commit the wrongs against Counterclaimants alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Counterclaimants are further informed and believe, and on that basis allege, that in doing the things alleged in this Counterclaim, each counterdefendant was acting within the scope of authority conferred upon that counterdefendant by the consent, approval and/or ratification of the other counterdefendants, whether said authority was actual or apparent.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Counterclaimant Cels was founded in 1971 by Goldman and is a family-owned business headquartered in Los Angeles, California. Goldman is the owner and CEO of Cels. Cels is in the business of designing, manufacturing, marketing, distributing and selling women's footwear, apparel, and related accessories. Cels' products are sold to consumers through over 2800 retail outlets, including, but not limited to, major department stores and specialty outlets such as Nordstrom's and Macy's, as well as through Cels' own retail stores in Los Angeles and Canoga Park, as well as through Cels' website at www.chineselaundry.com.

8. Goldman adopted the CHINESE LAUNDRY® trademark in 1983 and, since that time, the mark has been used continuously, including through Goldman's licensee Cels, in connection with the marketing and distribution of Cels' CHINESE LAUNDRY® product line, including on the boxes and bags in which Cels packages and ships its products to retailers and consumers.

9. Goldman's CHINESE LAUNDRY® mark is the subject of U.S. Reg. No. 1,861,027 (for CHINESE LAUNDRY in connection with shoes); U.S. Reg. No. 3,065,149 (for CL CHINESE LAUNDRY & Design in connection with various goods); U.S. Reg. No. 3,246,484 (for CHINESE LAUNDRY in connection with bags). Goldman's CHINESE LAUNDRY® mark is also the subject of numerous pending federal trademark applications. Goldman has exclusively licensed the use of the CHINESE LAUNDRY® mark to Cels.

10. In disregard of Counterclaimants' exclusive rights in the CHINESE LAUNDRY® mark, Counterdefendants have been and are unlawfully infringing Counterclaimants' rights in the CHINESE LAUNDRY® mark by marketing, advertising, selling and/or distributing a line of footwear, apparel, and/or accessories in connection with the confusingly similar mark "ENGLISH LAUNDRY." On information and belief, Counterdefendants also either use, or intend to use, several other marks incorporating its ENGLISH LAUNDRY mark, including: ENGLISH HEROES BY ENGLISH LAUNDRY, THE PEOPLES ARMY BY ENGLISH LAUNDRY, WORK SHIRT BY ENGLISH LAUNDRY, CLEAN LAUNDRY BY ENGLISH LAUNDRY, ENGLISH ROSE BY ENGLISH LAUNDRY, THE CHELSEA BOOT COMPANY BY ENGLISH LAUNDRY, KINGS ROAD LONDON BY ENGLISH LAUNDRY, ENGLISH LAUNDRY HOME, and WASHABLE SHOES BY ENGLISH LAUNDRY (collectively, the "ENGLISH LAUNDRY Marks").

11. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants, by such conduct, have been and are willfully and intentionally

misappropriating Counterclaimants' rights in the CHINESE LAUNDRY® mark with the intent to profit therefrom.

12. Accordingly, Counterclaimants bring this action to enforce their rights and to stop Counterdefendants' use of the infringing ENGLISH LAUNDRY Marks.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

13. Counterclaimants reallege and incorporate herein by reference paragraphs 1-12 of this Counterclaim.

14. Counterclaimant Goldman's federal registration for the CHINESE LAUNDRY® mark is incontestable, and the mark is inherently distinctive or has acquired secondary meaning as to the source of all goods advertised, marketed, sold, or used in connection with the mark.

15. Neither Goldman nor Cels has authorized, licensed or given permission to Counterdefendants to use the CHINESE LAUNDRY® mark or the ENGLISH LAUNDRY Marks in any manner whatsoever including, without limitation, in connection with the products being marketed, advertised, sold or distributed by Counterdefendants.

16. Counterdefendants' use of the ENGLISH LAUNDRY Marks in connection with Counterdefendants' products is likely to cause confusion, mistake or to deceive as to source, origin, affiliation, or sponsorship.

17. Counterclaimants' lack an adequate remedy at law.

18. Unless an injunction is issued enjoining any continuing or future infringing use of the ENGLISH LAUNDRY Marks by Counterdefendants, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, thereby irreparably damaging Counterclaimants.

19. As a direct and proximate result of Counterdefendants' infringing conduct, Counterclaimants have been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Counterclaimants are entitled to an order enjoining

Counterdefendants from using the CHINESE LAUNDRY® mark, or any mark confusingly similar thereto, including, without limitation, the ENGLISH LAUNDRY Marks, in connection with marketing, advertising, selling or distributing footwear, apparel, and related accessories. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an order requiring Counterdefendants to account to Goldman for any and all profits derived by Counterdefendants from their actions, and to an order awarding all damages sustained by Counterclaimants by reason of the infringement caused by Counterdefendants.

20. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants' conduct alleged herein was intentional and in conscious disregard of Counterclaimants' rights. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an award of treble damages and/or enhanced profits against Counterdefendants.

21. Counterdefendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Goldman is entitled to an award of attorneys' fees and costs.

## <u>SECOND CLAIM FOR RELIEF</u>

**(Federal False Designation Of Origin, 15 U.S.C. § 1125(a))**

22. Counterclaimants reallege and incorporate herein by reference paragraphs 1-21 of this Counterclaim.

23. By virtue of the widespread and longstanding distribution of goods under the CHINESE LAUNDRY® mark, CHINESE LAUNDRY® the mark has come to identify the source of such goods and to distinguish those goods from those of others. By virtue of the quality of the products distributed under the CHINESE LAUNDRY® mark, CHINESE LAUNDRY® the mark has come to identify the source of such goods as a supplier of high quality goods and has also established enormous goodwill in the mark.

24. Counterdefendants' promotion, marketing and advertising of products under the ENGLISH LAUNDRY Marks is a false designation of origin and false or

misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Counterclaimants and Counterdefendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Counterdefendants' products by Counterclaimants or, conversely, Counterclaimants' products by Counterdefendants.

25. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants intended to, and did, confuse and mislead the public, and did represent and create the false impression that Counterclaimants authorized, originated, sponsored, approved, licensed or participated in Counterdefendants' use of a mark confusingly similar to the CHINESE LAUNDRY® mark in connection with Counterdefendants' products.

26. In fact, there is no connection or association or licensing relationship between Counterclaimants, on the one hand, and Counterdefendants, on the other hand. Counterclaimants have not authorized, licensed or given permission to Counterdefendants to use the CHINESE LAUNDRY® mark, or any mark similar thereto, in any manner whatsoever, including, without limitation, Counterdefendants' use of the ENGLISH LAUNDRY Marks.

27. Thus, Counterdefendants have created and will continue to create a false impression concerning an association between Counterclaimants and Counterdefendants, a false designation of the origin of Counterdefendants' goods, and confusion as to a connection between the respective parties.

28. As a direct and proximate result of Counterdefendants' creation of a false impression of association between Counterclaimants and Counterdefendants, and Counterdefendants' use of a false designation of origin and false or misleading representation of fact in connection with Counterdefendants' products, Counterclaimants have been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Counterclaimants are entitled to an order enjoining Counterdefendants from using the CHINESE LAUNDRY® mark, or any mark

confusingly similar thereto, including, without limitation, the ENGLISH LAUNDRY Marks, in connection with marketing, advertising, selling or distributing footwear, apparel, and related accessories. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an order requiring Counterdefendants to account to Counterclaimants for any and all profits derived by Counterdefendants from their actions, and to an order awarding all damages sustained by Counterclaimants and caused by Counterdefendants' conduct.

29. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants' conduct alleged herein was intentional and in conscious disregard of Counterclaimants' rights. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an award of treble damages and/or enhanced profits against Counterdefendants.

30. Counterdefendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Counterclaimants are entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**(State Trademark Dilution and Injury to Reputation, California Bus. & Prof. Code § 14330)**

31. Counterclaimants reallege and incorporate herein by reference paragraphs 1-30 of this Counterclaim.

32. The CHINESE LAUNDRY® mark constitutes a valid trademark under state law, is distinctive and has acquired secondary meaning.

33. Counterdefendants' use of the ENGLISH LAUNDRY Marks is causing a likelihood of dilution of Counterclaimants' mark because the mark is deprived of its exclusive capacity to identify and distinguish the source of goods distributed thereunder.

34. Counterdefendants' actions constitute injury to business reputation and/or dilution within the meaning of California Business and Professions Code § 14330.

35. Pursuant to California Business and Professions Code § 14330, Counterclaimants are entitled to an injunction prohibiting Counterdefendants from continuing their infringing use of any mark dilutive of the CHINESE LAUNDRY® mark, including the ENGLISH LAUNDRY Marks.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Business Practices, Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.)**

36. Counterclaimants reallege and incorporate herein by reference paragraphs 1-35 of this Counterclaim.

37. Counterdefendants' acts constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

38. Counterclaimants have been damaged and will continue to be damaged by Counterdefendants' unlawful, unfair and/or fraudulent business practices and misleading advertising as alleged herein.

39. Counterclaimants are entitled to an injunction prohibiting Counterdefendants from continuing the practices alleged herein and Counterclaimants are entitled to restitution of all amounts acquired by Counterdefendants by means of such wrongful acts.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

40. Counterclaimants reallege and incorporate herein by reference paragraphs 1-39 of this Counterclaim.

41. Counterdefendants' acts constitute common law trademark infringement and unfair competition under state law.

42. Counterclaimants have been damaged and will continue to be damaged by Counterdefendants' infringing activities.

43. Counterclaimants are entitled to an injunction prohibiting Counterdefendants from continuing the wrongful practices described herein.

44. Counterclaimants are also entitled to profits and damages arising from Counterdefendants' wrongful use of a mark confusingly similar to the CHINESE LAUNDRY® mark, including the ENGLISH LAUNDRY Mark.

45. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants' conduct was willful, wanton, malicious and in conscious disregard of Counterclaimants' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## SIXTH CLAIM FOR RELIEF

**(Cancellation of Trademark Registration, 15 U.S.C. § 1064)**

46. Counterclaimants reallege and incorporate herein by reference paragraphs 1-45 of this Counterclaim.

47. Counterclaimants' use of the CHINESE LAUNDRY® mark in connection with footwear, apparel, and accessories long precedes any use by Counterdefendants of the ENGLISH LAUNDRY Marks in connection with the same or similar products.

48. Counterdefendants' registration of the mark ENGLISH LAUNDRY in connection with apparel is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Counterclaimants and Counterdefendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Counterdefendants' products by Counterclaimants or, conversely, Counterclaimants' products by Counterdefendants.

49. Counterclaimants are and will continue to be damaged by Counterdefendants' registration of the mark ENGLISH LAUNDRY in connection with apparel.

50. Pursuant to 15 U.S.C. §§ 1064 and 1119, Counterclaimants are entitled to an order that Counterdefendants' U.S. Trademark Registration No. 2,894,885 be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants Robert Goldman and Cels Enterprises, Inc. pray for relief against Counterdefendants as follows:

A. For a preliminary and permanent injunction enjoining and restraining Counterdefendants, and all of its officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1. infringing Counterclaimants' trademark rights in any way including, without limitation, Counterclaimants' rights, common law or otherwise, in the registered mark CHINESE LAUNDRY®;

2. using any false or misleading designation of origin, or false or misleading description or statement, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any product provided by Counterdefendants are in any manner associated or connected with Counterclaimants, or is sponsored, approved or authorized by Counterclaimants;

3. diluting in any way the distinctive quality of the CHINESE LAUNDRY® mark;

4. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Counterclaimants' product line or the CHINESE LAUNDRY® mark; and

5. using the ENGLISH LAUNDRY Marks in connection with apparel, footwear, and related accessories.

B. Ordering Counterdefendants to file with the Court and to serve on counsel for Counterclaimants, within thirty (30) days from entry of an injunction, a

report setting forth the manner and form in which Counterdefendants have complied with the injunction.

C. For an order that, by the acts complained of herein, Counterdefendants have infringed Counterclaimants' trademark rights, in violation of 15 U.S.C. § 1114.

D. For an order that, by the acts complained of herein, Counterdefendants have infringed Counterclaimants' rights, and engaged in acts of false designation of origin, in violation of 15 U.S.C. § 1125(a).

E. For an order that, by the acts complained of herein, Counterdefendants have diluted the distinctive quality of the CHINESE LAUNDRY® mark, in violation of Cal. Bus. and Prof. Code § 14330.

F. For an order that, by the acts complained of herein, Counterdefendants have engaged in unfair business practices against Counterclaimants, in violation of Cal. Bus. and Prof. Code § 17200.

G. For an order that, by the acts complained of herein, Counterdefendants have infringed Counterclaimants' common law trademark rights and/or engaged in acts of common law unfair competition against Counterclaimants.

H. For an order awarding Counterclaimants general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Counterdefendants' profits or gains of any kind from Counterdefendants' acts of trademark infringement, false designation of origin, unfair business practices and dilution; and further for an order that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

I. For an order awarding Counterclaimants restitution of all amounts obtained by Counterdefendants by means of their wrongful acts described herein;

J. For an order awarding Counterclaimants their costs and attorneys' fees incurred in prosecuting this action.

K. For an order awarding Counterclaimants pre-judgment interest.

L. For an order cancelling U.S. Trademark Registration No. 2,894,885.

M. For an order awarding such other relief as the Court deems just and proper.

DATED: March 9, 2009

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
SUSAN ALLISON
JESSICA C. BROMALL

By; */s/ SUSAN ALLISON*

SUSAN ALLISON
Attorneys for Defendants and Counterclaimants CELS ENTERPRISES, INC. and ROBERT GOLDMAN

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimants hereby demand trial by jury.

DATED: March 9, 2009

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
SUSAN ALLISON
JESSICA C. BROMALL

By; */s/ SUSAN ALLISON*

SUSAN ALLISON
Attorneys for Defendants and Counterclaimants CELS ENTERPRISES, INC. and ROBERT GOLDMAN