JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
SUSAN ALLISON (Bar No. 133448)
*sallison@jmbm.com*
JESSICA C. BROMALL (Bar No. 235017)
*jbromall@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendants and Counterclaimants:
CELS ENTERPRISES, INC. and ROBERT GOLDMAN

FILED
2009 SEP 28 PM 3:27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROCK AND ROLL RELIGION, INC., a California corporation,

Plaintiff/Counter-defendant,

v.

CELS ENTERPRISES, INC. a New York corporation; ROBERT GOLDMAN, an individual

Defendants/Counterclaimants

CELS ENTERPRISES, INC., a New York corporation; ROBERT GOLDMAN, an individual,

Counterclaimants,

v.

ROCK AND ROLL RELIGION, INC., a California corporation; and DOES 1 through 10 inclusive,

Counterdefendants.

CASE NO. CV09-5258 R (PLAx)

**CELS ENTERPRISES, INC.'S AND ROBERT GOLDMAN'S SECOND AMENDED COUNTERCLAIM**

**DEMAND FOR JURY TRIAL**

For their counterclaim in this action, counterclaimants Cels Enterprises, Inc. ("Cels") and Robert Goldman ("Goldman") (collectively, "Counterclaimants") allege against counterdefendant Rock and Roll Religion, Inc. and Defiance USA, Inc. ("Counterdefendants") as follows:

**JURISDICTION**

1. This action arises under the Federal Trademark Act (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq*., and related California statutory and common law. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. §§ 1119 and 1121. The Court has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

**THE PARTIES**

2. Counterclaimant Goldman is an individual residing in Beverly Hills, California.

3. Counterclaimant Cels is a corporation organized under the laws of the State of New York, with its principal place of business at 3485 South La Cienega Blvd., Los Angeles, California 90016.

4. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendant Rock and Roll Religion, Inc. is a California corporation with its main offices located at 3131 S. Broadway, Los Angeles, California 90007 ("Rock and Roll"). Counterclaimants are informed and believe, and on that basis allege, that, at all times relevant hereto, Rock and Roll was, and is, doing business in this judicial district.

5. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendant Defiance USA, Inc. is a California corporation with its main offices located at 3930 S. Broadway Place, Los Angeles, California 90037 ("Defiance"). Counterclaimants are informed and believe, and on that basis allege, that, at all times relevant hereto, Defiance was, and is, doing business in this judicial

district. Counterclaimants are further informed and believe, and on that basis allege, that Defiance is a licensee of Rock and Roll.

6. Counterclaimants are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of counterdefendants Does 1 through 10, inclusive, or any of them, and therefore sues these counterdefendants, and each of them, by such fictitious name. Counterclaimants will seek leave of Court to amend this Counterclaim when the identities of these counterdefendants are ascertained. Counterdefendants Rock and Roll and Defiance, as well as Does 1-10, are referred to herein collectively as "Counterdefendants."

7. Counterclaimants are informed and believe, and on that basis allege, that each counterdefendant conspired and acted in concert with each other to commit the wrongs against Counterclaimants alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Counterclaimants are further informed and believe, and on that basis allege, that in doing the things alleged in this Counterclaim, each counterdefendant was acting within the scope of authority conferred upon that counterdefendant by the consent, approval and/or ratification of the other counterdefendants, whether said authority was actual or apparent.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Counterclaimant Cels was founded in 1971 by Goldman and is a family-owned business headquartered in Los Angeles, California. Goldman is the owner and CEO of Cels. Cels is in the business of designing, manufacturing, marketing, distributing and selling women's footwear, apparel, and related accessories. Cels' products are sold to consumers through over 2800 retail outlets, including, but not limited to, major department stores and specialty outlets such as Nordstrom's and Macy's, as well as through Cels' own retail stores in Los Angeles and Canoga Park, as well as through Cels' website at www.chineselaundry.com.

9. Goldman adopted the CHINESE LAUNDRY® trademark in 1983 and, since that time, the mark has been used continuously, including through Goldman's licensee Cels, in connection with the marketing and distribution of Cels' CHINESE LAUNDRY® product line, including on the boxes and bags in which Cels packages and ships its products to retailers and consumers.

10. Goldman's CHINESE LAUNDRY® mark is the subject of U.S. Reg. No. 1,861,027 (for CHINESE LAUNDRY in connection with shoes); U.S. Reg. No. 3,065,149 (for CL CHINESE LAUNDRY & Design in connection with various goods); U.S. Reg. No. 3,246,484 (for CHINESE LAUNDRY in connection with bags). Goldman's CHINESE LAUNDRY® mark is also the subject of numerous pending federal trademark applications. Goldman has exclusively licensed the use of the CHINESE LAUNDRY® mark to Cels.

11. In disregard of Counterclaimants' exclusive rights in the CHINESE LAUNDRY® mark, Counterdefendants have been and are unlawfully infringing Counterclaimants' rights in the CHINESE LAUNDRY® mark by marketing, advertising, selling and/or distributing a line of footwear, apparel, and/or accessories in connection with the confusingly similar mark "ENGLISH LAUNDRY." On information and belief, Counterdefendants also either use, or intend to use, several other marks incorporating its ENGLISH LAUNDRY mark, including: ENGLISH HEROES BY ENGLISH LAUNDRY, THE PEOPLES ARMY BY ENGLISH LAUNDRY, WORK SHIRT BY ENGLISH LAUNDRY, CLEAN LAUNDRY BY ENGLISH LAUNDRY, ENGLISH ROSE BY ENGLISH LAUNDRY, THE CHELSEA BOOT COMPANY BY ENGLISH LAUNDRY, KINGS ROAD LONDON BY ENGLISH LAUNDRY, ENGLISH LAUNDRY HOME, and WASHABLE SHOES BY ENGLISH LAUNDRY, and ENGLISH LAUNDRY FORGED METAL (collectively, the "ENGLISH LAUNDRY Marks").

12. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants, by such conduct, have been and are willfully and intentionally

misappropriating Counterclaimants' rights in the CHINESE LAUNDRY® mark with the intent to profit therefrom.

13. Accordingly, Counterclaimants bring this action to enforce their rights and to stop Counterdefendants' use of the infringing ENGLISH LAUNDRY Marks.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

14. Counterclaimants reallege and incorporate herein by reference paragraphs 1-13 of this Counterclaim.

15. Counterclaimant Goldman's federal registration for the CHINESE LAUNDRY® mark is incontestable, and the mark is inherently distinctive or has acquired secondary meaning as to the source of all goods advertised, marketed, sold, or used in connection with the mark.

16. Neither Goldman nor Cels has authorized, licensed or given permission to Counterdefendants to use the CHINESE LAUNDRY® mark or the ENGLISH LAUNDRY Marks in any manner whatsoever including, without limitation, in connection with the products being marketed, advertised, sold or distributed by Counterdefendants.

17. Counterdefendants' use of the ENGLISH LAUNDRY Marks in connection with Counterdefendants' products is likely to cause confusion, mistake or to deceive as to source, origin, affiliation, or sponsorship.

18. Counterclaimants lack an adequate remedy at law.

19. Unless an injunction is issued enjoining any continuing or future infringing use of the ENGLISH LAUNDRY Marks by Counterdefendants, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, thereby irreparably damaging Counterclaimants.

20. As a direct and proximate result of Counterdefendants' infringing conduct, Counterclaimants have been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Counterclaimants are entitled to an order enjoining

Counterdefendants from using the CHINESE LAUNDRY® mark, or any mark confusingly similar thereto, including, without limitation, the ENGLISH LAUNDRY Marks, in connection with marketing, advertising, selling or distributing footwear, apparel, and related accessories. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an order requiring Counterdefendants to account to Goldman for any and all profits derived by Counterdefendants from their actions, and to an order awarding all damages sustained by Counterclaimants by reason of the infringement caused by Counterdefendants.

21. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants' conduct alleged herein was intentional and in conscious disregard of Counterclaimants' rights. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an award of treble damages and/or enhanced profits against Counterdefendants.

22. Counterdefendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Goldman is entitled to an award of attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**(Federal False Designation Of Origin, 15 U.S.C. § 1125(a))**

23. Counterclaimants reallege and incorporate herein by reference paragraphs 1-22 of this Counterclaim.

24. By virtue of the widespread and longstanding distribution of goods under the CHINESE LAUNDRY® mark, CHINESE LAUNDRY® the mark has come to identify the source of such goods and to distinguish those goods from those of others. By virtue of the quality of the products distributed under the CHINESE LAUNDRY® mark, CHINESE LAUNDRY® the mark has come to identify the source of such goods as a supplier of high quality goods and has also established enormous goodwill in the mark.

25. Counterdefendants' promotion, marketing and advertising of products under the ENGLISH LAUNDRY Marks is a false designation of origin and false or

misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Counterclaimants and Counterdefendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Counterdefendants' products by Counterclaimants or, conversely, Counterclaimants' products by Counterdefendants.

26. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants intended to, and did, confuse and mislead the public, and did represent and create the false impression that Counterclaimants authorized, originated, sponsored, approved, licensed or participated in Counterdefendants' use of a mark confusingly similar to the CHINESE LAUNDRY® mark in connection with Counterdefendants' products.

27. In fact, there is no connection or association or licensing relationship between Counterclaimants, on the one hand, and Counterdefendants, on the other hand. Counterclaimants have not authorized, licensed or given permission to Counterdefendants to use the CHINESE LAUNDRY® mark, or any mark similar thereto, in any manner whatsoever, including, without limitation, Counterdefendants' use of the ENGLISH LAUNDRY Marks.

28. Thus, Counterdefendants have created and will continue to create a false impression concerning an association between Counterclaimants and Counterdefendants, a false designation of the origin of Counterdefendants' goods, and confusion as to a connection between the respective parties.

29. As a direct and proximate result of Counterdefendants' creation of a false impression of association between Counterclaimants and Counterdefendants, and Counterdefendants' use of a false designation of origin and false or misleading representation of fact in connection with Counterdefendants' products, Counterclaimants have been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Counterclaimants are entitled to an order enjoining Counterdefendants from using the CHINESE LAUNDRY® mark, or any mark

confusingly similar thereto, including, without limitation, the ENGLISH LAUNDRY Marks, in connection with marketing, advertising, selling or distributing footwear, apparel, and related accessories. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an order requiring Counterdefendants to account to Counterclaimants for any and all profits derived by Counterdefendants from their actions, and to an order awarding all damages sustained by Counterclaimants and caused by Counterdefendants' conduct.

30. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants' conduct alleged herein was intentional and in conscious disregard of Counterclaimants' rights. Pursuant to 15 U.S.C. § 1117(a), Counterclaimants are entitled to an award of treble damages and/or enhanced profits against Counterdefendants.

31. Counterdefendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Counterclaimants are entitled to an award of attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**(Unfair Business Practices, Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.)**

32. Counterclaimants reallege and incorporate herein by reference paragraphs 1-31 of this Counterclaim.

33. Counterdefendants' acts constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

34. Counterclaimants have been damaged and will continue to be damaged by Counterdefendants' unlawful, unfair and/or fraudulent business practices and misleading advertising as alleged herein.

35. Counterclaimants are entitled to an injunction prohibiting Counterdefendants from continuing the practices alleged herein and Counterclaimants

are entitled to restitution of all amounts acquired by Counterdefendants by means of such wrongful acts.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

36. Counterclaimants reallege and incorporate herein by reference paragraphs 1-35 of this Counterclaim.

37. Counterdefendants' acts constitute common law trademark infringement and unfair competition under state law.

38. Counterclaimants have been damaged and will continue to be damaged by Counterdefendants' infringing activities.

39. Counterclaimants are entitled to an injunction prohibiting Counterdefendants from continuing the wrongful practices described herein.

40. Counterclaimants are also entitled to profits and damages arising from Counterdefendants' wrongful use of a mark confusingly similar to the CHINESE LAUNDRY® mark, including the ENGLISH LAUNDRY Mark.

41. Counterclaimants are informed and believe, and on that basis allege, that Counterdefendants' conduct was willful, wanton, malicious and in conscious disregard of Counterclaimants' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**FIFTH CLAIM FOR RELIEF**

**(Cancellation of Trademark Registration, 15 U.S.C. § 1064)**

42. Counterclaimants reallege and incorporate herein by reference paragraphs 1-41 of this Counterclaim.

43. Counterclaimants' use of the CHINESE LAUNDRY® mark in connection with footwear, apparel, and accessories long precedes any use by Counterdefendants of the ENGLISH LAUNDRY Marks in connection with the same or similar products.

44. Counterdefendants' registration of the mark ENGLISH LAUNDRY in connection with apparel is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Counterclaimants and Counterdefendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Counterdefendants' products by Counterclaimants or, conversely, Counterclaimants' products by Counterdefendants.

45. Counterclaimants are and will continue to be damaged by Counterdefendants' registration of the mark ENGLISH LAUNDRY in connection with apparel.

46. Pursuant to 15 U.S.C. §§ 1064 and 1119, Counterclaimants are entitled to an order that Counterdefendants' U.S. Trademark Registration No. 2,894,885.

**SIXTH CLAIM FOR RELIEF**

**(Cancellation of Trademark Registration, 15 U.S.C. § 1064)**

47. Counterclaimants reallege and incorporate herein by reference paragraphs 1-46 of this Counterclaim.

48. Counterclaimants' use of the CHINESE LAUNDRY® mark in connection with footwear, apparel, and accessories long precedes any use by Counterdefendants of the ENGLISH LAUNDRY Marks in connection with the same or similar products.

49. Counterdefendants' registration of the mark ENGLISH ROSE BY ENGLISH LAUNDRY in connection with apparel is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Counterclaimants and Counterdefendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Counterdefendants' products by Counterclaimants or, conversely, Counterclaimants' products by Counterdefendants.

50. Counterclaimants are and will continue to be damaged by Counterdefendants' registration of the mark ENGLISH ROSE BY ENGLISH LAUNDRY in connection with apparel.

51. Pursuant to 15 U.S.C. §§ 1064 and 1119, Counterclaimants are entitled to an order that Counterdefendants' U.S. Trademark Registration No. 3,687,117 be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants Robert Goldman and Cels Enterprises, Inc. pray for relief against Counterdefendants as follows:

A. For a preliminary and permanent injunction enjoining and restraining Counterdefendants, and all of their officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1. infringing Counterclaimants' trademark rights in any way including, without limitation, Counterclaimants' rights, common law or otherwise, in the registered mark CHINESE LAUNDRY®;

2. using any false or misleading designation of origin, or false or misleading description or statement, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any product provided by Counterdefendants are in any manner associated or connected with Counterclaimants, or is sponsored, approved or authorized by Counterclaimants;

3. diluting in any way the distinctive quality of the CHINESE LAUNDRY® mark;

4. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Counterclaimants' product line or the CHINESE LAUNDRY® mark; and

5. using the ENGLISH LAUNDRY Marks in connection with apparel, footwear, and related accessories.

B. Ordering Counterdefendants to file with the Court and to serve on counsel for Counterclaimants, within thirty (30) days from entry of an injunction, a

report setting forth the manner and form in which Counterdefendants have complied with the injunction.

C. For an order that, by the acts complained of herein, Counterdefendants have infringed Counterclaimants' trademark rights, in violation of 15 U.S.C. § 1114.

D. For an order that, by the acts complained of herein, Counterdefendants have infringed Counterclaimants' rights, and engaged in acts of false designation of origin, in violation of 15 U.S.C. § 1125(a).

E. For an order that, by the acts complained of herein, Counterdefendants have diluted the distinctive quality of the CHINESE LAUNDRY® mark, in violation of Cal. Bus. and Prof. Code § 14330.

F. For an order that, by the acts complained of herein, Counterdefendants have engaged in unfair business practices against Counterclaimants, in violation of Cal. Bus. and Prof. Code § 17200.

G. For an order that, by the acts complained of herein, Counterdefendants have infringed Counterclaimants' common law trademark rights and/or engaged in acts of common law unfair competition against Counterclaimants.

H. For an order awarding Counterclaimants general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Counterdefendants' profits or gains of any kind from Counterdefendants' acts of trademark infringement, false designation of origin, unfair business practices and dilution; and further for an order that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

I. For an order awarding Counterclaimants restitution of all amounts obtained by Counterdefendants by means of their wrongful acts described herein;

J. For an order awarding Counterclaimants their costs and attorneys' fees incurred in prosecuting this action.

K. For an order awarding Counterclaimants pre-judgment interest.

L. For an order cancelling U.S. Trademark Registration Nos. 2,894,885 and 3,687,117.

M. For an order awarding such other relief as the Court deems just and proper.

DATED: September 28, 2009

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
SUSAN ALLISON
JESSICA C. BROMALL

By: [signature]
JESSICA C. BROMALL
Attorneys for Defendants and Counterclaimants CELS ENTERPRISES, INC. and ROBERT GOLDMAN

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimants hereby demand trial by jury.

DATED: September 28, 2009

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
SUSAN ALLISON
JESSICA C. BROMALL

By: [signature]
JESSICA C. BROMALL
Attorneys for Defendants and Counterclaimants CELS ENTERPRISES, INC. and ROBERT GOLDMAN