UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROCK AND ROLL RELIGION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELS ENTERPRISES, INC., et al., <br><br> Defendants. <br><br> and related counterclaims. | No. CV 09-5258-R (PLAx) <br><br> **MEMORANDUM AND ORDER RE: PARTIES' PROPOSED STIPULATION AND PROTECTIVE ORDER** |

The Court has received and considered the parties' proposed Stipulation and Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the followings reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to use only conclusory terms such as "confidential and proprietary business, technical or financial information." (See page 1, at introduction). Further, in proposing or agreeing to the protection of "trade secrets," if any, the definition for that term in California Civil

Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.

Second, in the event of a dispute regarding the designation or disclosure of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. (See, e.g., page 4, at ¶ 3(g); pages 6-7, at ¶ 10). If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Third, to the extent the parties intend that any pleading, paper or other document filed with the Court that contains or discloses confidential information shall be filed under seal, the parties' proposal is overly broad and conceivably covers every pleading filed in the action. (See page 6, at ¶ 8). If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; **the application must show good cause for the under seal filing**. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Fourth, once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The Court will not enter a protective order that extends beyond the commencement of trial.

Finally, the Court may only enter a protective order upon a showing of good cause. Phillips v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause" for a protective order); Makar-Wellbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577 (E.D.Wis. 1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails to include any statements to demonstrate good cause for issuing the protective

/

1  order.  In any revised stipulated protective order submitted to the Court, the parties must include
2  a statement demonstrating good cause for entry of a protective order pertaining to the documents
3  or information described in the order.  The paragraph containing the statement of good cause
4  should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

DATED: February 5, 2010

```
_____
        PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE
```

3