1    JEFFER, MANGELS, BUTLER & MARMARO LLP
      ROD S. BERMAN (Bar No. 105444)
2    *rberman@jmbm.com*
      SUSAN ALLISON (Bar No. 133448)
3    *sallison@jmbm.com*
      JESSICA C. BROMALL (Bar No. 235017)
4    *jbromall@jmbm.com*
      1900 Avenue of the Stars, Seventh Floor
5    Los Angeles, California  90067-4308
      Telephone:   (310) 203-8080
6    Facsimile:    (310) 203-0567

7    Attorneys for Defendants and Counterclaimants:
      CELS ENTERPRISES, INC. and ROBERT GOLDMAN
8

9    THE LAW OFFICES OF SHAWN A. MCMILLAN, A.P.C.
      SHAWN A. MCMILLAN (Bar No. 208,529)
10   4955 Via Lapiz
      San Diego, California 92122-3910
11   Telephone:   (858) 646-0069
      Facsimile:    (206) 600-4582

12

13                 UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCK AND ROLL RELIGION, INC., a California corporation, | CASE NO.   CV09-5258 R (PLAx) |
| Plaintiff/Counter-defendant, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CELS ENTERPRISES, INC. a New York corporation; ROBERT GOLDMAN, an individual | |
| Defendants/Counterclaimants | |
| CELS ENTERPRISES, INC., a New York corporation; ROBERT GOLDMAN, an individual, | |
| Counterclaimants, | |
| v. | |
| ROCK AND ROLL RELIGION, INC., a California corporation; DEFIANCE USA, INC., a California corporation; and DOES 1 through 10 inclusive, | |
| Counterdefendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms:

1. <u>Proceedings and Information Governed</u>.  This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the discovery and pre-trial phase of this action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, documents or things produced in connection with the lawsuit, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof (collectively "Information").  The Order does not govern proceedings during trial nor does it prohibit either party from seeking a Protective Order to govern proceedings during trial.

2. <u>Designation of Information for Protection Under This Order</u>.  Any such Information produced in this action that is reasonably believed by the producing party to be non-public, proprietary or confidential may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only."  The appropriate designation may be made by stamping or otherwise marking the Information prior to production as follows: "Confidential" or "Confidential - Attorneys' Eyes Only."  In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the producing party makes the Information available for inspection or provides a copy of the Information to the receiving party.  In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give notice thereof at the deposition or within fifteen (15) days after receipt of the deposition

1    transcript.  Deposition testimony shall be treated as "Confidential - Attorneys' Eyes

2    Only" until expiration of the fifteen (15) day notice period.  In the event such notice

3    is given, the appropriate provisions of paragraphs 12 and 13 below shall apply.

4         In the event that Information is provided under this Order, whether in written,

5    oral or other form, without any designation of confidentiality, such Information may

6    be designated "Confidential" or "Confidential - Attorneys' Eyes Only" at a later time,

7    and shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" by all

8    parties hereto as though such Information had been designated "Confidential" or

9    "Confidential - Attorneys' Eyes Only" when originally provided, except to the extent

10   that such Information has already been disclosed to persons not subject to this Order.

11   In the event that the Information referred to immediately above is disclosed to

12   persons not subject to this Order, the party that made such disclosure shall identify

13   such recipients to the other party in this action, unless such disclosure is subject to the

14   attorney work product privilege.

15        3.   Disclosure of Confidential Information.  As a general guideline,

16   Information marked "Confidential," as distinguished from "Confidential - Attorneys'

17   Eyes Only," shall include Information that may be disclosed by the parties for the

18   purposes of the litigation, but which must be protected against disclosure to third

19   parties.  Once designated as "Confidential," such designated Information shall, absent

20   a specific order by this Court, be used by the parties solely in connection with this

21   litigation, and not for any business, competitive, or governmental purpose or

22   function, and such Information shall not be disclosed to anyone except as provided

23   herein.  Information marked "Confidential," as distinguished from "Confidential -

24   Attorneys' Eyes Only," may be disclosed by the receiving party to the following

25   recipients only:

26        (a)   The outside litigation attorneys of record in this action, and any outside

27   attorneys retained by the parties in this action to consult on the litigation, and their

28   respective associates, clerks, legal assistants, stenographic and support personnel, and

1   organizations retained by such attorneys to provide litigation support services in this

2   action and the employees of said organizations;

3   (b)   Independent experts and consultants retained in this action by the

4   attorneys of record, and the employees of such experts and consultants who are

5   assisting them;

6   (c)   The officers, directors and employees of a party;

7   (d)   The Court and its respective clerks and support personnel;

8   (e)   Court reporters employed in connection with this action;

9   (f)   The persons permitted under paragraph 11 below; and

10   (g)   Such other persons as hereafter may be designated by written agreement

11   of all parties in this action or by Order of the Court, such Order obtained on noticed

12   motion (or on shortened time as the Court may allow), permitting such disclosure.

13   4.   <u>Confidential - Attorneys' Eyes Only Information</u>.  As a further general

14   guideline, Information designated as "Confidential - Attorneys' Eyes Only" shall be

15   Information of a proprietary business or technical nature that might be of value to a

16   competitor or potential customer of the party or non-party holding the proprietary

17   rights thereto, and that must be protected from disclosure.  Once designated as

18   "Confidential - Attorneys' Eyes Only," such designated Information shall, absent a

19   specific order by this Court, be used by the parties solely in connection with this

20   litigation, and not for any business or governmental purpose or function, and such

21   Information shall not be disclosed to anyone except as provided herein.  All

22   Information designated "Confidential - Attorneys' Eyes Only" is included within the

23   meaning of "Confidential" Information as used in this Order, and all the provisions

24   set forth in the Order that apply to "Confidential" Information also apply to material

25   designated "Confidential - Attorneys' Eyes Only."  However, Information designated

26   "Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in

27   subparagraph 3(c) of this Order, except as provided in paragraph 11 (*i.e.*, the authors

28

or addressees of the document).  In-house counsel and staff are specifically excluded from access to Information designated "Confidential - Attorneys' Eyes Only."

5.     Reference to Information.  Notwithstanding any provision in this Stipulation and Protective Order, nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a general way, relying on, or evaluating "Confidential" or "Confidential - Attorneys' Eyes Only" Information in the course of advising a party client with respect to this lawsuit, provided, however, that counsel shall not disclosed the specific substance or content of any "Confidential" or "Confidential - Attorneys' Eyes Only" Information if such disclosure would violate this Order.

6.     Declarations.  Each person referred to in paragraph 3 hereof, except persons falling under paragraph 3(a), 3(d), 3(e) and clerical and stenographic personnel falling within paragraph 3(b) above, to whom Information designated "Confidential" or "Confidential - Attorneys' Eyes Only" is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by outside litigation counsel for the party making such disclosure.  Persons falling under paragraph 3(a) shall read a copy of this Stipulation and Order and sign and date it to signify they have read, understood and agreed to be bound by its terms and provisions.

7.     Use.  "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall be used by the persons to whom it is disclosed solely in preparation for trial and trial of this lawsuit, and any appellate proceeding related thereto. "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court.  No person who receives "Confidential" or "Confidential - Attorneys' Eyes

1  Only" Information shall disclose it to any person not entitled under this Order to
2  receive it.

3         8.    <u>Court Procedures</u>.

4         (a)    Subject to and in accordance with the provisions of Central District
5  Local Rule 79-5, pleadings which contain or annex Information designated under this
6  Order as "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall be
7  filed in sealed envelopes or other appropriate containers on which shall be endorsed
8  the title of the action to which they pertain, an indication of the nature of the contents
9  of the sealed envelope or other container, the word(s) "CONFIDENTIAL," or
10 "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in
11 the following form:

12       This envelope is sealed pursuant to Order of the Court, contains Confidential or
13 Confidential - Attorneys' Eyes Only Information and is not to be opened nor the
14 contents revealed except by Order of the Court.

15        (b)    Any Court hearing which refers to or describes "Confidential" or
16 "Confidential - Attorneys' Eyes Only" Information shall in the Court's discretion be
17 held *in camera*;

18        (c)    The filing of a document under seal pursuant to this paragraph 8 does not
19 restrict in any way a party's right to use or disseminate any part of the document that
20 does not contain, annex or expressly refer to Information designated "Confidential" or
21 "Confidential - Attorneys' Eyes Only" under this Order.

22        9.    <u>Party's Own Information</u>.  The restrictions on the use of "Confidential"
23 or "Confidential - Attorneys' Eyes Only" Information established by this Protective
24 Order are applicable only to the use by a party of Information received from the other
25 party.  A party is free to do whatever it desires with its own Information.

26        10.    <u>Removal</u>.  A party may seek to downgrade or remove a confidentiality
27 designation applied under this Order.  In such event, the following procedure shall be
28 utilized:

(a)     The party or person seeking such downgrade or removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the Information as to which such downgrade or removal is sought;

(b)     If the parties cannot reach agreement concerning the matter within ten (10) days after delivery (or in the case of mailing, thirteen (13) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the downgrade or removal may file and serve a motion for an order of this Court for appropriate relief.  Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties or order of the Court.  In any such motion, the party seeking to protect the Information bears the burden to establish the appropriateness of the protection or degree of protection sought.

11.     <u>Disclosure to Author or Addressee</u>.  Nothing herein shall prohibit a party, or its counsel, from disclosing Information that has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" Information to persons who are authors or addressees of such Information.

12.     <u>Depositions</u>.  Any deposition reporter who takes down or receives "Confidential" or "Confidential - Attorneys' Eyes Only" at a deposition shall be given a copy of this Order.  In addition, all deposition testimony and exhibits designated either as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page either "Confidential" or "Confidential - Attorneys' Eyes Only."  If counsel, pursuant to the provisions of Paragraph 2 above, designates any deposition testimony "Confidential" or "Confidential - Attorneys' Eyes Only" within the fifteen (15) day period after receiving the deposition transcript, counsel shall specifically identify in writing which portions are to be "Confidential" or "Confidential - Attorneys' Eyes Only" and shall send such writing to counsel for all parties involved in the action.  Counsel for each party shall then be responsible for marking, as either "Confidential" or "Confidential

PRINTED ON
RECYCLED PAPER

1  – Attorneys' Eyes Only", the appropriate pages of the deposition transcript so

2  identified.

3         13.   <u>Exclusion from Deposition</u>.  Whenever any Information designated as

4  "Confidential" or "Confidential - Attorneys' Eyes Only" is to be discussed or

5  disclosed in a deposition, any party claiming such confidentiality may exclude from

6  the room any person who is not entitled to receive Information designated as

7  "Confidential" or "Confidential - Attorneys' Eyes Only."

8         14.   <u>Third Party Confidentiality Rights</u>.  In the event that Information in the

9  possession or control of a party involves the confidentiality rights of a non-party or

10  that its disclosure would violate a protective order issued in another action, the party

11  with possession or control of the Information will attempt to obtain the consent of the

12  non-party to disclose the Information under this Order.  If the consent of the non-

13  party cannot be obtained, the party will notify the parting seeking discovery of: (a)

14  The existence of the Information, without producing such Information and; (b) The

15  identity of the non-party (provided, however, that such disclosure of the identity of

16  the non-party does not violate any confidentiality obligations).  The party seeking

17  discovery may then make further application to the non-party or seek other means to

18  obtain such Information including the right to seek an *in camera* review by the judge

19  or magistrate.

20         15.   <u>Subpoenas</u>.  In the event any person or party having possession, custody

21  or control of any "Confidential" or "Confidential - Attorneys' Eyes Only" Information

22  receives a subpoena or other process or order to produce such Information, the

23  recipient of the subpoena shall advise the attorney for the party issuing the subpoena

24  that the Information being requested has been designated "Confidential" or

25  "Confidential - Attorneys' Eyes Only" pursuant to a court order.  The attorney for the

26  party receiving the subpoena shall promptly notify in writing the attorneys of record

27  of the party claiming such confidential treatment of the Information sought by such

28  subpoena or other process or order and shall promptly furnish those attorneys of

record with a copy of said subpoena or other process or order. The attorney for the party claiming confidential treatment shall have 5 business days from the date of receipt of a copy of said subpoena (or other process or order) to file a motion to quash or modify the subpoena, process or order. If production of "Confidential" or "Confidential - Attorneys' Eyes Only" Information pursuant to the subpoena, process or order is required prior to the expiration of this 5 day period, the attorney for the party receiving the subpoena shall object in writing to the production by stating that the Information sought has been designated "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to a court order. The attorney for the party receiving the subpoena shall be under no obligation to file any motion to quash or modify the subpoena or take any action other than to object in writing to the production pending a court order compelling production of the subpoenaed materials. If a motion to quash or modify the subpoena, process or order is made by the party claiming confidential treatment, there shall be no disclosure of the subject matter objected to, except sufficient to identify it for purposes of the motion to quash, until the court in which the motion is brought has ruled on the motion, and then only in accordance with the ruling so made. If the party claiming confidential treatment does not file a motion to quash or modify the subpoena within the 5 day period provided herein, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

16. <u>No Waiver</u>. Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any Information is or is not proprietary to any party, is or is not entitled to particular protection, or that such Information embodies trade secrets or other confidential material of any party. The procedures set forth herein shall not affect the rights of the

1    parties to object to discovery on grounds other than those related to trade secrets or

2    other proprietary information claims, nor shall it relieve a party of the necessity of

3    proper response to discovery devices.

4              17.    No Probative Value.  This Stipulation and Protective Order shall not

5    abrogate or diminish any contractual, statutory or other legal obligation or right of

6    any party to this Order, as to any third party, with respect to any "Confidential" or

7    "Confidential - Attorneys' Eyes Only" Information.  The fact that Information is

8    designated "Confidential" or "Confidential - Attorneys' Eyes Only" under this

9    Stipulation and Protective Order shall not be deemed to be determinative of what a

10   trier of fact may determine to be confidential or proprietary.  This Order shall be

11   without prejudice to the right of any party to bring before the Court the question of:

12   (i) whether any particular material is or is not confidential; (ii) whether any particular

13   information or material is or is not entitled to a greater or lesser degree of protection

14   than provided hereunder; or (iii) whether any particular information or material is or

15   is not relevant to any issue of this case, provided that in doing so the party complies

16   with the foregoing procedures.  Absent a stipulation of all parties, the fact that

17   Information has been designated confidential under this Stipulation and Protective

18   Order shall not be admissible during the trial of this action, nor shall the jury be

19   advised of such designation.  The fact that any Information is disclosed, used or

20   produced in discovery or trial herein shall not be construed admissible, or offered in

21   any action or proceeding before any court, agency or tribunal as evidence of or

22   concerning whether or not such Information is confidential or proprietary.

23             18.    Return of Information.  At the conclusion of this action, all

24   "Confidential" and "Confidential - Attorneys' Eyes Only" Information, and all

25   documents which contain or reflect such Information, except such documents or

26   Information which incorporate or are incorporated into pleadings or attorney work-

27   product (a single copy of which may be retained in counsel's files), shall, upon the

28   request of the party furnishing such Information, be: (i) delivered to the party that

1    furnished such Information; or (ii) in lieu of delivery to the furnishing party,

2    destroyed, in which event counsel shall give written notice of such destruction to

3    opposing counsel.  A list of all persons who signed declarations pursuant to this

4    Order, shall, upon the request of a party furnishing "Confidential" or "Confidential -

5    Attorneys' Eyes Only"  Information, be delivered to the party that furnished such

6    Information.  Except as provided in this paragraph 18, in no event shall a party retain

7    a copy of the "Confidential" or "Confidential - Attorneys' Eyes Only" Information

8    produced to it.

9        19.    Court's Jurisdiction.  The Court retains jurisdiction to make such

10   amendments, modifications, deletions and additions to this Stipulation and Protective

11   Order as the Court may from time to time deem appropriate.  The provisions of this

12   Stipulation and Protective Order regarding the use and/or disclosure of "Confidential"

13   or "Confidential - Attorneys' Eyes Only" Information shall survive the termination of

14   this action, and the Court shall retain jurisdiction with respect to this Stipulation and

15   Protective Order.

16       20.    Effective Date.  Upon the signing of this Stipulation and Protective

17   Order by the United States District Court Judge, or Magistrate Judge, this Stipulation

18   and Protective Order shall be effective as against all party signators hereto as of the

19   date of such signature of that party or party's representative, thereby rendering this

20   Order effective *nunc pro tunc* to the date of such party's signature.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1        21.   <u>Amendment</u>.  Either party may move the Court to amend this Stipulation

2    and Protective Order at any time.  Moreover, parties entering into this Stipulation and

3    Protective Order will not be deemed to have waived any of their rights to seek later

4    amendment to this Order.

5

6        IT IS SO ORDERED.

7

8    Date: <u>Feb. 9, 2010</u>    _____

9            Hon. Manuel L. Real
             United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

6760272v1