```
                  UNITED STATES OF AMERICA
                UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION

                           - - -
                HONORABLE MANUEL L. REAL
         UNITED STATES DISTRICT JUDGE PRESIDING
                           - - -


ROCK AND ROLL RELIGION, INC.,   )
                                )
           PLAINTIFF,           )
                                )
VS.                             )   CV 09-5258 R
                                )
CELS ENTERPRISE, INC., et al.,  )
                                )
           DEFENDANTS.          )
_____)




           REPORTER'S TRANSCRIPT OF PROCEEDINGS
                MONDAY, MARCH 22, 2010
                     A.M. SESSION
                LOS ANGELES, CALIFORNIA




           SHERI S. KLEEGER, CSR 10340
          FEDERAL OFFICIAL COURT REPORTER
         312 NORTH SPRING STREET, ROOM 402
           LOS ANGELES, CALIFORNIA 90012
                PH:  (213)894-6604
```

```
 1    APPEARANCES OF COUNSEL:

 2    ON BEHALF OF PLAINTIFF:
              THE LAW OFFICES OF SHAWN A. MCMILLAN, A.P.C.
 3            BY:  SHAWN A. MCMILLAN, ESQUIRE
                   STEPHEN DANER, ESQUIRE
 4            4955 VIA LAPIZ
              SAN DIEGO, CA 92122-3910
 5

 6    ON BEHALF OF DEFENDANT:
              JEFFER, MANGELS, BUTLER & MARMARO LLP
 7            BY:  SUSAN ALLISON, ATTORNEY AT LAW
              1900 AVENUE OF THE STARS
 8            7TH FLOOR
              LOS ANGELES, CA 90067-4308
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          LOS ANGELES, CALIFORNIA; MONDAY, MARCH 22, 2010
 2                          A.M. SESSION
 3                             - - -
 4          THE COURT:  Item Number 2, C.V. 09-5258, Rock and
 5  Roll Religion, Inc., versus Cels Enterprises, Inc., et al.
 6  Counsel, state your appearances, please.
 7          MS. ALLISON:  Good morning, Your Honor.
 8          Susan Allison and Rob Berman for Cels Enterprises,
 9  Inc., and Robert Goldman.
10          MR. DANER:  Good morning, Your Honor.
11          Steve Daner for Rock and Roll Religion, Inc., and
12  Defiance, U.S.A.
13          MR. McMILLAN:  Good morning, Your Honor.
14          Shawn McMillan, appearing for all plaintiffs and
15  counter-defendants.
16          THE COURT:  All right.  Counsel have anything to
17  add to the documents with have been filed?
18          MS. ALLISON:  No, Your Honor.
19          MR. DANER:  No, Your Honor.
20          THE COURT:  Is there anything to add?  I didn't get
21  it from you.
22          MR. DANER:  No, Your Honor.  We just feel it's been
23  briefed.
24          THE COURT:  All right.  Plaintiffs' counsel and
25  counter-defendants have demonstrated that there is no genuine
```

1    issue of material fact as to whether a likelihood of
2    confusion exists among the parties' trademarks.  As such,
3    defendants/counter-claimants are unable to produce
4    affirmative evidence sufficient to establish a genuine issue
5    of material fact as to likelihood of confusion.
6             Summary judgment in favor of
7    plaintiffs/counter-defendants is appropriate.
8             To evaluate the likelihood of confusion, courts
9    analyze the factors set forth in *AMF, Inc., versus Sleekcraft*
10   *Boats*, 599 F.2d 341.
11            The factors are, one, strength of the market.
12            Two, relatedness to the proximity of goods.
13            Three, similarity in appearance, sound, and
14   meaning.
15            Four, evidence of actual confusion.
16            Five, marketing channels used.
17            Six, type of goods and degree of care likely to be
18   exercised by the purchaser.
19            Seven, defendants' intent in selecting the mark.
20            And, eight, likelihood of expansion of product
21   lines.
22            As stated in *Brookfield Communications, Inc.,*
23   *versus West Cal Coast Entertainment Corps*, 174 F.3d at 1036,
24   some factors are much more important than others, and the
25   relative importance of each individual factor will be case

```
 1    specific.
 2            In this case, the most relevant factors are the
 3    strength of the marks, the proximity of goods, and the
 4    similarity of marks.  All of these factors weigh in favor of
 5    the plaintiffs/counter-defendants.
 6            As to strength of the marks, the Chinese
 7    laundry mark is, at best, a suggestive mark, and suggestive
 8    marks are generally somewhat distinctive and strong, but
 9    the strength of defendants/counter-claimants marks are
10    lessened by the crowded field in -- of other, quote, laundry
11    marks.  As such, this factor weighs in favor of the
12    plaintiffs/counter-defendants.
13            As to proximity of the goods, both parties'
14    product lines are clothing lines, but there is very
15    little, if any, overlap between the lines as
16    defendants/counter-claimants produces women's products
17    exclusively, and plaintiffs/counter-defendants focus almost
18    exclusively on men's products.  As such, in Brown Shoe versus
19    United States, 370 U.S. 294, each product line has
20    characteristics peculiar to itself, rendering it generally
21    noncompetitive with others, and each is, of course, directed
22    to a distinct class of customers.  Brown Shoe Company versus
23    United States, this factor weighs in favor of
24    plaintiffs/counter-defendants.
25            As to similarity of marks,
```

1  defendants/counter-claimants argue that the marks are similar
2  because both contain the identical term laundry, modified by
3  a two syllable -- a word describing national origin.  Similar
4  to *SG Services, Inc., versus God Girls, Inc.*, the mere fact
5  that both marks contain the word laundry, in light of the
6  similarities among the marks, does not create a likelihood of
7  confusion.  This factor weighs in favor of
8  plaintiffs/counter-defendants.
9       As to evidence of actual confusion, this factor
10 weighs in favor of plaintiffs/counter-defendants as no such
11 evidence has been adduced.
12      As to the marketing channels used, while both
13 parties sell their products in the same stores and Websites,
14 they are predominantly segregated by department, and each
15 party maintains its own distinctive stores and Websites where
16 the other parties' goods are not sold.  This factor weighs
17 only slightly in favor of the defendant/counter-claimants.
18      As to the degree of care a purchaser will use in
19 selecting the goods as recognized in *Sax & Company versus*
20 *Hill*, 843 Fed.Supp., persons purchasing clothing generally
21 exercised relatively high degree of care, this Court agrees.
22 This factor weighs in favor of plaintiffs/counter-defendants.
23      As to the set -- intent of selecting the mark,
24 defendants/counter-claimants have not adduced any evidence as
25 to the plaintiffs/counter-defendants' intent.  This factor

```
 1   weighs in favor of plaintiffs/counter-defendants.
 2            After analyzing all of the factors, the Court
 3   concludes that there is no likelihood of confusion among the
 4   parties' marks.  The issue of likelihood of confusion is
 5   dispositive of all claims by all parties.
 6            As such, summary judgment is granted in favor of
 7   defendants/counter-defendants with respect to all claims.
 8            And the defendants/counter-claimants' motion for
 9   summary judgment -- partial summary judgment is denied.
10            You prepare the orders, Counsel, and the facts
11   without controversy.
12            MR. McMILLAN:  Your Honor, just so that I'm clear,
13   it was plaintiffs/counter-defendants' motion is?
14            THE COURT:  Granted.
15            MR. McMILLAN:  Granted.
16            Thank you.
17            MR. DANER:  Thank you, Your Honor.
18            MS. ALLISON:  Your Honor, can I be heard for a few
19   minutes?
20            THE COURT:  Yes, uh-huh.
21            MS. ALLISON:  Thank you.
22            I think, Your Honor, that among the voluminous
23   evidence that you do have, particularly as to the factors
24   under *Sleekcraft*, which you indicated that you have relied
25   strongly on, the facts are clearly disputed, in terms --
```

1  particularly as to the strength of the mark and
2  relatedness of the parties' goods, Your Honor.
3            THE COURT: Counsel, you are arguing now. I asked
4  you whether you wanted to add anything to your papers. It is
5  all in your papers, and you have killed I don't know how many
6  trees to try to tell me that.
7            Go ahead.
8            MS. ALLISON: The point -- what the evidence shows
9  clearly, Your Honor, on strength of the mark is that C. L.
10 has been sold since 1983 continuously, both as to footwear
11 since 1983 and then as to apparel in those other items in the
12 late 1990s.
13           The evidence that the Court cited as to a crowded
14 field, I think the evidence is disputed as best on that. We
15 know that the registrations of third-party marks themselves
16 is of no relevance, and all that counter-defendants have
17 really provided to the Court are incidental purchases of --
18 evidence of incidental purchases.
19           THE COURT: It is all in your papers, counsel.
20 It's all in your papers.
21           MS. ALLISON: The other point that I believe is
22 appropriately explored with Your Honor is the notion that the
23 parties' goods are not related. Increasingly -- and I note
24 that the Court did not address the likelihood of expansion.
25 Increasingly counter-defendants are moving into women's

1  products, and they made it clear that they intend to do that
2  using the English laundry mark, not even the English Rose by
3  English laundry mark.
4           The evidence is also very clear that they have
5  moved into men's shoes, which has been historically our
6  primary product.  So I think the factor of likelihood of
7  expansion is another factual issue here or actually weighs
8  entirely in counter-claimants' favor.
9           THE COURT:  That is in your papers, Counsel, and it
10 has been considered.
11          MS. ALLISON:  I also think that there is clearly
12 evidence of -- the Court indicated it found no evidence of
13 intent on the part of counter-defendants, willful intent, but
14 we think that the evidence is there and raises a disputed
15 issue of fact.
16          It is evidence, first of all, that they did
17 trademark searchs and they do have a minimum constructive
18 knowledge of our mark.  They have also testified -- or the
19 evidence also is that since they have -- since our cease and
20 desist letter came out they filed seven new registrations and
21 they have aggressively gone and offered for sale men's shoes.
22          So we think that all of those factors are
23 appropriately jury issues as to all of those, Your Honor.
24 Those are the ones.
25          THE COURT:  It's all in your papers, and they have

```
 1    been considered, and I read them by judgment.
 2              MS. ALLISON:  And who is it that you are asking to
 3    prepare the orders?
 4              THE COURT:  Plaintiffs/counter-defendants.
 5              MS. ALLISON:  Okay.  Thank you.
 6              MR. DANER:  Thank you, Your Honor.
 7              MR. McMILLAN:  Thank you, Your Honor.
 8              THE COURT:  We'll be in recess.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                    CERTIFICATE OF REPORTER

2

3    COUNTY OF LOS ANGELES      )

4                               ) SS.

5    STATE OF CALIFORNIA        )

6

7    I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR THE

8    UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

9    CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

10   TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

11   CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

12   PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

13   TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS

14   OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

15

16

17   DATE:  MARCH 23, 2010

18

19   _____

20   SHERI S. KLEEGER, CSR

21   FEDERAL OFFICIAL COURT REPORTER

22

23

24

25
```