1  OLIVIER A. TAILLIEU (SBN 206546)
       o@taillieulaw.com
2  **THE TAILLIEU LAW FIRM**
   9595 Wilshire Boulevard, Suite 900
3  Beverly Hills, CA 90212
   Telephone: (310) 300-8444
4  Facsimile: (310) 300-8445

5  Attorney for Plaintiff/Counter-Defendant ROCK AND ROLL RELIGION, INC.
   and Counter-Defendant DEFIANCE USA, INC.

6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10

11 ROCK AND ROLL RELIGION, INC.,      CASE NO. CV09-5258 R (PLAx)
   a California corporation,

12       Plaintiff/Counter-defendant,    **PLAINTIFF AND COUNTER-
                                          DEFENDANTS ROCK AND ROLL
13       v.                              RELIGION, INC. AND DEFIANCE
                                          USA, INC.'S RESPONSE TO CELS
14 CELS ENTERPRISES, INC. a New         ENTERPRISES, INC.'S REQUEST
   York corporation; ROBERT             FOR STATUS CONFERENCE AND
15 GOLDMAN, an individual,              REQUEST FOR NEW
                                          SCHEDULING ORDER
16       Defendants/Counterclaimants.

17

18

19 CELS ENTERPRISES, INC.,  a New      DATE:      Not Set
   York corporation; ROBERT            TIME:      Not Set
20 GOLDMAN, an individual,             PLACE:     Courtroom 8
                                        JUDGE:     Hon. Manuel L. Real
21       Counterclaimants,

22       v.

23 ROCK AND ROLL RELIGION, INC.,
   a California corporation; DEFIANCE
24 USA, INC., a California corporation;
   and DOES 1 through 10 inclusive,
25
         Counter-defendants.
26

27

28

1614-1002

1    Plaintiff and Counter-Defendant Rock and Roll Religion, Inc. hereby respond

2  to the CELS Enterprise's ("CELS") Request for a Status Conference as follows:

3    First, CELS filed this "status" report unprompted by the Court and without

4  any attempts to communicate with counsel for Rock and Roll.  Based on the content

5  of that status report, one can surmise why.  CELS plainly misleads this Court by

6  asking for more discovery.  That time has long gone.

7    This case was filed in December 18, 2008.  The initial scheduling order set a

8  pre-trial conference date of April 19, 2010 with a close of discovery scheduled for

9  November 5, 2009.  See Exhibit A to the Taillieu Decl.  The scheduling order was

10 later modified by this Court on October 30, 2009.  The Court reset close of

11 discovery for March 15, 2010.  See Exhibit B to the Taillieu Decl.  Thus, CELS had

12 plenty of opportunity to conduct whatever discovery it needed during that entire

13 time—especially survey discovery, which is completely independent.

14    What is even more disingenuous is that CELS has made that request before,

15 and has lost.  At the January 4, 2010 hearing on Rock and Roll's motion to dismiss,

16 Rock and Roll's motion was converted into a motion for summary judgment.  At

17 that hearing, the Court was very clear about CELS's discovery period.  Attached as

18 Exhibit C is the January 4, 2010 hearing transcript:

19

20    THE COURT:  All right.  I'm going to deal with this

21    matter as a Motion for Summary Judgment.  I'm therefore

22    continuing the matter to March 22, 2010, at 10:00

23    A.M.  Defendants, there will be simultaneous filings of

24    briefs on the motion by March 5, 2010.  And that will

25    permit 60 days for discovery.

26

27  CELS argued that this was insufficient:

28

1    MS. ALLISON: -- counsel for Cels and Goldman.  I

2    would request, I guess, if the Court intends to proceed that

3    way, that we have a little bit more time.  I'm concerned –

4

5    THE COURT: That's enough time.

6

7    MS. ALLISON: I'm concerned specifically about the

8    ability to get an appropriate survey evidence, expert

9    survey evidence, in the time frame the court has allowed.

10    And, obviously, that's a pretty common practice in a case

11    like this.  So I would, at a minimum, request f we could

12    put it off, say, maybe even just 30 days.

13

14    THE COURT:  No.  I have set the dates.

15

16    MS. ALLISON: Okay.  I'd object to the Court's ruling.

17

18    THE COURT:  Fine.  Just object.

19

20    MS. ALLISON:  I did.

21

22    Ultimately, CELS did get a limited extension. On March 10, 2010, CELS

23    asked this Court to allow specific discovery to be extended, by agreement of the

24    parties.  Yet in the next two weeks, CELS did none of the things it has asked

25    for:  The deposition of Ms. Fernando and/or finishing any 30(6)(6) depositions.  In

26    fact, no notice of these depositions was ever served after that order was entered.

27    Nor was any meet and confer effort pursued.

28

1614-1002

3

1    Although counsel filed an appeal in this case, no scheduling issues were ever
2 raised in their appeal.  I have attached as Exhibit D the Statement of Issues before
3 the Ninth Circuit.  They never mention appealing any discovery or scheduling order
4 from this Court.  When the issue came up at oral argument, counsel was forced to
5 admit that discovery had indeed closed before this Court:

6

7    JUDGE FLETCHER: Help me understand the sort of the state of play
8    with respect not to what I might think if I look at English Laundry and
9    Chinese Laundry and the various marks and so on but whether there's
10    actual confusion in the market place.  **I gather that there's no survey**
11    **that's been conducted in the market place and I see of course that**
12    **the case went fairly quickly from the last amended counter claim**
13    **to summary judgment and in your brief you talk about, "well, we**
14    **didn't have time to do an actual survey".  Well, did you ask to do**
       **a survey and the district judge said "no, I'm not going to give that**
       **to you?"  Give me the state of play as to how that worked out.**

15    ROD BERMAN: Oh, sure. Thank you.  That's a very, very good
16    question Your Honor. Um as of…
17
18    JUDGE FLETCHER: …and I imagine we're going to get a response
19    from them too.
20
       ROD BERMAN: I'm sure you will.  Um, up until January 4 when the
21    court consolidated the motion to dismiss into a summary judgment
22    motion the parties really devoted their time to a motion to transfer,
       repeated 12(b)(6) motions and at the hearing on January…
23
24    JUDGE FLETCHER: Well, there's discovery taking place, right?
25
26    ROD BERMAN:  **No, there was no factual discovery that had**
27
28

**taken place**[1] because at that point in time no answer, in fact, as we sit here today no answer has ever been filed in that case and they were solely 12(b)(6) motions so the parties were just still waiting for the court to frame the issues.

JUDGE FLETCHER: So how come we have evidence on the record. Where's that coming from?

ROD BERMAN: **Ahh, well on January 4, 2010, uh, the plaintiff asked the court, to push the dates for additional time to conduct discovery such that they would be able to obtain a survey and Judge Real denied that relief.**[2]  Thereafter, on . . . the court set the summary judgment hearing for, excuse me, motions for summary judgment to be filed on March 5 and prior to that date on February 17 there was a deposition February 23, February 24, and February 26 there were factual depositions that were taking place.  And **so in this particular case I hate to characterize it as railroading, as you caution against in the Celetex case but here, there were procedural motions that were undertaken, it was consolidation of summary judgment, there just simply wasn't sufficient time to conduct a survey,**[3] **and of course at that point in time no answer was filed the issues had not yet been framed.**

JUDGE RAWLINSON:  Well counselor generally when a party files an affirmative counterclaim under Rule 11, there should have been some investigation before filing the counterclaim so generally in cases of this type the party who's asserting the likelihood of confusion has garnered anecdotal evidence or something to support the position. So even absent discovery generally there's been some investigation that

---

[1] This is a misstatement.

[2] This is a misstatement.  The Court allowed an additional 60 days of discovery for the purpose of defending the motion for summary judgment,

[3] This is a misstatement.  The Court allowed time for CELS to conduct a survey.

would support the allegations.

ROD BERMAN: Well, there was an investigation that was undertaken, an investigation that went to each of the factors involved in Sleekcraft.

JUDGE RAWLINSON: But what was the investigation in terms of the actual confusion problem of the Sleekcraft test?

ROD BERMAN: Actual confusion is something that's pretty rare…

JUDGE RAWLINSON: It's not rare, actually.

See Unofficial Transcript of Oral Argument, 2:00-5:41, attached as Exhibit E to the Taillieu Declaration.

Later in the hearing, Judge Fletcher went back to the topic:

ROD BERMAN: We do not have a survey and we do not have evidence of actual confusion.

COURT: I'm sorry, I just did not hear that.

ROD BERMAN: We do not have a survey and we do not have evidence of actual confusion.

JUDGE FLETCHER: **And would you have liked to have made a survey? Did you specifically say to Judge Real "we would like to make a survey. Don't do summary judgment until we've made a survey"?**

ROD BERMAN: **Yes we did Your Honor**.[4]

JUDGE FLETCHER: **And he said no way?**

ROD BERMAN: **He said no way.[5] He refused; Judge Real refused to move the discovery date.  Refused to give us an opportunity to conduct a survey and what Judge Real had decided in fact earlier begrudgingly gave us the right to amend our 2nd amended complaint which we filed a 3rd amended complaint.  It was very difficult to get the leave to amend, and he gratefully provided the leave to amend but that was not sufficient and he converted it.**

JUDGE FLETCHER: And how long was this case hanging?  During the period during which you…obviously there's some discovery going on during this time.  We've got a lot of stuff.  We've seen pictures of the marks; we've seen pictures of coin laundry and this laundry and that laundry.  I've got a lot of stuff on the record that got there somehow. How hard would it have been for you to do a survey while some of this discovery was going on?

ROD BERMAN: Well, a survey is a $100,000 expense Your Honor and again, we had not framed the issues from the plaintiff's standpoint the indications from Judge Real that he was going to dismiss the case based upon pleadings and at that point in time **I don't think it was reasonable for CELS prior to that point in time to expend those funds to conduct a survey until a decision was made and once  the Judge converted it to a motion for summary judgment we asked, I thought it was reasonable and rational at that point in time to ask**

---

[4] This is a misstatement.  No Court order prevented CELS from conducting a survey.

[5] This is a misstatement.  This Court never refused CELS request to do a survey. CELS had ample time to conduct a survey and this Court extended discovery by 60 days to facilitate a survey.

1    **Judge Real to give us some time to conduct some further**
2    **discovery and to conduct a survey and he said no.[6]**

3    JUDGE SINGLETON: Now, just so that I'm not lost on this. You
4    filed a motion before Judge Real in which you invoked Rule 56(f) and
5    asked for additional time and cited 9th circuit cases that interpret rule
     56(f) in incomparable circumstances and he said no?
6

7    ROD BERMAN: **Your Honor, a Rule 56 motion was not filed. An**
8    **oral motion was made before Judge Real.[7] We felt that Rule 56(f)**
9    **was futile at that point in time because Judge Real had made up**
     **his mind with respect to the case by then.**
10

11   See Unofficial Transcript of Oral Argument, 7:40-10:28, attached as Exhibit E to

12   the Taillieu Declaration.

13
14   On CELS' reply argument, the issue of discovery came up again:

15   ROD BERMAN: I'll be brief.  Regarding the inquiry earlier as to
16   whether there was a request made for the survey and discovery it is
17   Appellant's Excerpts of Record Vol. 5 at page 809 and it's the
     transcript of proceedings on January 4, 2010. I think counsel was
18   correct in one aspect and that is if you compare Nike to Coca Cola for
19   shoes, I believe that those marks are so completely different, it's
20   unlikely that…
21
22   JUDGE FLETCHER: Let me ask you about discovery though.  Was it
     true that there was a discovery order with a discovery deadline of
23   March 2010?

24   _____

25   [6] This is a misstatement.  This Court granted the parties an additional 60 days of
26   discovery after it decided to convert the motion to dismiss into a summary judgment
     motions.
27   [7] This is a misstatement.  No oral motion was ever made.

28

ROD BERMAN:  The … let me just check here…let's see, expert's reports were due 2/3…there was no doubt there was a discovery cutoff date but it was not until after certainly after the expert reports were due and expert reports were due on February 3 so I don't have that specifically…

JUDGE FLETCHER: **Well let me ask you this way then because I don't care about the precise date.  Was there a discovery cutoff which preceded the date of which the summary judgment was entered?**

ROD BERMAN: **I don't know Your Honor.  I don't know off hand.[8]  Discovery certainly was allowed, we didn't need any additional discovery allowed between the, up until the cross motions for summary judgment were due. Factual discovery was appropriate then.  It was within the scheduling order.**

JUDGE FLETCHER: **Okay and discovery, and a survey is not really discovery in the sense it's from the other side that's work that you yourself wanted to undertake and could have undertaken.**

ROD BERMAN: **Sure we, theoretically we could have undertaken it.**

COURT: So you knew when discovery was up. Summary judgment is not entered until discovery is finished you claimed at the moment you can't remember maybe you can't but the other side represented that the discovery deadline passes, summary judgment is entered quite promptly it sounds like but I'm having trouble figuring out how your

---

[8] This is disingenuous.  Counsel knew that discovery had closed prior to the motion for summary judgment being heard.  The transcript in this Court makes that clear.

request to do a survey should have been granted if discovery is over. I mean, as soon as discovery is over, we're done in terms of putting stuff into the record.

ROD BERMAN: No, the request for pushing the dates occurred on January 4, 2010. At that point in time the expert's reports were not yet due. They were due on February 3, 2010 and discovery had not closed.

JUDGE FLETCHER: When was the suit first filed?

ROD BERMAN: The suit was first filed, it was a declaratory relief lawsuit that was filed on 12/18/2008 and then the counterclaim was filed on March 9, 2009 and the first…

JUDGE FLETCHER: And you sent the cease and desist letter on November 2008 so we've had between the time of the cease and desist letter and the time of summary judgment being entered about a year and a half. Right?

ROD BERMAN: I think that's fair to say, Your Honor.

JUDGE FLETCHER: **During which time you did not do a survey, or at least do a survey which you've chosen to put into the record?**

ROD BERMAN: **We did not conduct a survey, that is correct Your Honor. I wanted to point out a few other points…**

See Unofficial Transcript of Oral Argument, 37:25-41:18, attached as Exhibit E to the Taillieu Declaration.

Putting all the misstatements aside, it is clear that CELS had ample time to conduct discovery and chose not too. After nearly an hour of argument, CELS

finally admitted that "[d]iscovery certainly was allowed, we didn't need any additional discovery allowed between the, up until the cross motions for summary judgment were due. Factual discovery was appropriate then.  It was within the scheduling order."  The record before this Court is thus clear that CELS was given ample time to conduct discovery and that they chose not to.  They conducted no survey, even though the time for expert discovery passed, they failed to finish depositions, and they failed to continue the meet and confer process.  They should not now be rewarded with the ability to reopen a can of worm sealed long ago.

As such, Rock and Roll suggests the following schedule:

| | |
|---|---|
| Jury Trial Date | January 7, 2013 |
| Final Pre-Trial Conference and hearing date on motions in limine | December 10, 2012 |
| Deadline for Lodging Pre-Trial Conference Order | December 3, 2012 |

11

| | |
|---|---|
| Deadline for Filing Memorandum of Contentions of Facts and Law, Exhibit Lists, and Witness Lists | November 19, 2012 |

Dated: September 6, 2012                    Respectfully submitted:

THE TAILLIEU LAW FIRM
OLIVIER A. TAILLIEU

By:  /s/ Olivier A. Taillieu

Attorney for Plaintiff/Counter-Defendants
ROCK AND ROLL RELIGION, INC. and
DEFIANCE USA, INC.