OLIVIER A. TAILLIEU (SBN 206546)
*o@taillieulaw.com*
**THE TAILLIEU LAW FIRM**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 300-8444
Facsimile: (310) 300-8445

Attorney for Plaintiff/Counter-Defendant ROCK AND ROLL RELIGION, INC. and Counter-Defendant DEFIANCE USA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROCK AND ROLL RELIGION, INC., a California corporation,

Plaintiff/Counter-defendant,

v.

CELS ENTERPRISES, INC. a New York corporation; ROBERT GOLDMAN, an individual,

Defendants/Counterclaimants.

---

CELS ENTERPRISES, INC., a New York corporation; ROBERT GOLDMAN, an individual,

Counterclaimants,

v.

ROCK AND ROLL RELIGION, INC., a California corporation; DEFIANCE USA, INC., a California corporation; and DOES 1 through 10 inclusive,

Counter-defendants.

CASE NO. CV09-5258 R (PLAx)

**COUNTER-DEFENDANTS ROCK AND ROLL RELIGION, INC. AND DEFIANCE USA, INC.'S ANSWER TO THIRD AMENDED COUNTERCLAIM**

Counter-Defendants Rock and Roll Religion, Inc. and Defiance USA, Inc. (collectively, "RRR") answer Counterclaimants Cels Enterprises Inc. and Robert Goldman's Third Amended Counterclaim as follows:

**RESPONSE TO GENERAL ALLEGATIONS**

1. In response to Paragraph 1, RRR admits that this action arises under the Federal Trademark Act (the "Lanham Act") and that this Court has jurisdiction over this matter.

2. In response to Paragraph 2, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 2 and on that basis denies those allegations.

3. In response to Paragraph 3, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 3 and on that basis denies those allegations.

4. RRR admits the allegations in Paragraph 4.

5. RRR admits the allegations in Paragraph 5.

6. In response to Paragraph 6, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 6 and on that basis denies those allegations.

7. RRR denies the allegations in Paragraph 7.

8. RRR admits that Cels is in the business of selling women's footwear. As to the remaining allegations in Paragraph 8, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

9. In response to Paragraph 9, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 9 and on that basis denies those allegations.

10. RRR admits that the U.S. Reg. No. 1,861,027; U.S. Reg. No. 3,065,149; and U.S. Reg. No. 3,246,484 in all respect speak for themselves. As to

the remaining allegations in Paragraph 10, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

11. RRR admits that Cels uses the Chinese Laundry mark on women's shoes. As to the remaining allegations in Paragraph 11, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

12. In response to Paragraph 12, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 12 and on that basis denies those allegations.

13. In response to Paragraph 13, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 13 and on that basis denies those allegations.

14. In response to Paragraph 14, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 14 and on that basis denies those allegations.

15. RRR admits that it owns and has continuously used in commerce the "English Laundry" trademark registered with the United States Patent and Trademark Office under Registration Number 2,894,885. As to the remaining allegations in Paragraph 15, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

16. RRR admits that it owns and has continuously used in commerce the "English Laundry" trademark registered with the United States Patent and Trademark Office under Registration Number 2,894,885. As to the remaining allegations in Paragraph 16, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

17. RRR admits that it owns and has continuously used in commerce the "English Laundry" trademark registered with the United States Patent and Trademark Office under Registration Number 2,894,885. As to the remaining allegations in Paragraph 17, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

18. RRR admits that it owns and has continuously used in commerce the "English Laundry" trademark registered with the United States Patent and Trademark Office under Registration Number 2,894,885. As to the remaining allegations in Paragraph 18, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

19. RRR admits that it owns and has continuously used in commerce the "English Laundry" trademark registered with the United States Patent and Trademark Office under Registration Number 2,894,885. As to the remaining allegations in Paragraph 19, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

a. RRR admits that it applied for registration for "English Heroes by English Laundry" with the United States Patent and Trademark Office under Application Number 77,294,503 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.a, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

b. RRR admits that it applied for registration for "Peoples Army by English Laundry" with the United States Patent and Trademark Office under Application Number 77,425,262 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.b, RRR is without sufficient knowledge or

information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

c. RRR admits that it applied for registration for "Work Shirt by English Laundry" with the United States Patent and Trademark Office under Application Number 77,477,810 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.c, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

d. RRR admits that it applied for registration for "Clean Laundry by English Laundry" with the United States Patent and Trademark Office under Application Number 77,477,808 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.d, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

e. RRR admits that it applied for registration for "The Chelsea Boot Company by English Laundry" with the United States Patent and Trademark Office under Application Number 77,629,359 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.e, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

f. RRR admits that it applied for registration for "Washable Shoes by English Laundry" with the United States Patent and Trademark Office under Application Number 77,356,798 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.f, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

g. RRR admits that it applied for registration for "English Laundry Forged Metal" with the United States Patent and Trademark Office under

Application Number 77,731,504 and that such application speaks for itself. As to the remaining allegations in Paragraph 19.g, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

20. The allegations contained in Paragraph 20 of the Third Amended Counterclaim require no response from RRR. To the extent a response is required, RRR is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

21. In response to Paragraph 21, RRR admits that it sells good bearing the English Laundry trademark in various retail locations. As to the remaining allegations in Paragraph 21, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 21 and on that basis denies those allegations.

22. In response to Paragraph 22, RRR admits that it good bearing the English Laundry trademark can be bought on various Internet retail locations. As to the remaining allegations in Paragraph 22, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 22 and on that basis denies those allegations.

23. The allegations contained in Paragraph 23 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

24. The allegations contained in Paragraph 24 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

a. In response to Paragraph 24.a, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 24.a and on that basis denies those allegations.

b. In response to Paragraph 24.b, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 24.b and on that basis denies those allegations.

c. In response to Paragraph 24.c, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 24.c and on that basis denies those allegations.

d. The allegations contained in Paragraph 24.d of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

e. The allegations contained in Paragraph 24.e of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

25. The allegations contained in Paragraph 25(a) through (e) of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

26. The allegations contained in Paragraph 26(a) through (b) of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient

knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

27. The allegations contained in Paragraph 27(a) through (c) of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

28. The allegations contained in Paragraph 28(a) through (b) of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

29. The allegations contained in Paragraph 29(a) through (b) of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

30. The allegations contained in Paragraph 30 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

31. The allegations contained in Paragraph 31 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

32. The allegations contained in Paragraph 32 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

33. In response to Paragraph 33 to the Third Amended Counterclaim, RRR hereby repeats and incorporates herein by reference the responses to Paragraph 1 through 32 above as though fully set forth herein.

34. The allegations contained in Paragraph 34 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

35. In response to Paragraph 35, RRR is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 35 and on that basis denies those allegations.

36. The allegations contained in Paragraph 36 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

37. The allegations contained in Paragraph 37 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

38. The allegations contained in Paragraph 38 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

39. The allegations contained in Paragraph 39 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

40. The allegations contained in Paragraph 40 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

41. The allegations contained in Paragraph 41 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

42. The allegations contained in Paragraph 42 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

43. In response to Paragraph 43 to the Third Amended Counterclaim, RRR hereby repeats and incorporates herein by reference the responses to Paragraph 1 through 42 above as though fully set forth herein.

44. RRR denies that the Chinese Laundry mark has come to identify the source of such goods as a supplier of high quality goods. The remaining allegations contained in Paragraph 44 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

45. The allegations contained in Paragraph 45 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

46. The allegations contained in Paragraph 46 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

47. The allegations contained in Paragraph 47 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

48. The allegations contained in Paragraph 48 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR responds that it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations and on that basis denies those allegations.

49. The allegations contained in Paragraph 49 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

50. The allegations contained in Paragraph 50 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

51. The allegations contained in Paragraph 51 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

52. The allegations contained in Paragraph 52 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

53. The allegations contained in Paragraph 53 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

54. In response to Paragraph 54 to the Third Amended Counterclaim, RRR hereby repeats and incorporates herein by reference the responses to Paragraph 1 through 53 above as though fully set forth herein.

55. The allegations contained in Paragraph 55 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

56. The allegations contained in Paragraph 56 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

57. The allegations contained in Paragraph 57 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

58. In response to Paragraph 58 to the Third Amended Counterclaim, RRR hereby repeats and incorporates herein by reference the responses to Paragraph 1 through 57 above as though fully set forth herein.

59. The allegations contained in Paragraph 59 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

60. The allegations contained in Paragraph 60 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

61. The allegations contained in Paragraph 61 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

62. The allegations contained in Paragraph 62 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

63. The allegations contained in Paragraph 63 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

64. In response to Paragraph 64 to the Third Amended Counterclaim, RRR hereby repeats and incorporates herein by reference the responses to Paragraph 1 through 63 above as though fully set forth herein.

65. RRR admits that Counterclaimant's use of the Chinese Laundry mark on women's footwear precedes the use by RRR of the English Laundry mark. The remaining allegations contained in Paragraph 65 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

66. The allegations contained in Paragraph 66 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

67. The allegations contained in Paragraph 67 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

68. The allegations contained in Paragraph 68 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

69. The allegations contained in Paragraph 69 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

70. In response to Paragraph 70 to the Third Amended Counterclaim, RRR hereby repeats and incorporates herein by reference the responses to Paragraph 1 through 69 above as though fully set forth herein.

71. RRR admits that Counterclaimant's use of the Chinese Laundry mark on women's footwear precedes the use by RRR of the English Laundry mark. The remaining allegations contained in Paragraph 71 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

72. The allegations contained in Paragraph 72 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

73. The allegations contained in Paragraph 73 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

74. The allegations contained in Paragraph 74 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

75. The allegations contained in Paragraph 75 of the Third Amended Counterclaim are legal conclusions and require no response from RRR. To the extent a response is required, RRR denies those allegations.

**AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, COUNTER-DEFENDANTS ALLEGE:**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Third Amended Counterclaim, and each alleged claim for relief therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFEENSE**

**(Statute of Limitations)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred to the extent counterclaimant seeks to recover damages for acts occurring beyond the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFEENSE**

**(Laches)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFEENSE**

**(Waiver)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFEENSE**

**(Estoppel)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFEENSE**

**(Unclean Hands)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFEENSE**

**(Acquiescence)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFEENSE**

**(Prior Use)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by Counter-Defendant's prior use.

**NINTH AFFIRMATIVE DEFEENSE**

**(Abandonment)**

The Marks referenced in the Third Amended Counterclaim, and each alleged claim for relief based thereon, are barred by the doctrine of abandonment.

**TENTH AFFIRMATIVE DEFEENSE**

**(Continuous Use Within Geographic Area)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by the Counter Defendant's use of its marks within a geographic area.

**ELEVENTH AFFIRMATIVE DEFEENSE**

**("Classic" Fair Use)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by doctrine of "classic" fair use.

**TWELVTH AFFIRMATIVE DEFEENSE**

**("Nominative" Fair Use)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by doctrine of "nominative" fair use.

**THIRTEENTH AFFIRMATIVE DEFEENSE**

**(Trademark Misuse)**

The Third Amended Counterclaim, and each alleged claim for relief therein, are barred by doctrine of trademark misuse.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Defendants Rock and Roll Religion, Inc. and Defiance USA, Inc. pray for relief as follows:

1. That Counterclaimants take nothing by its Third Amended Counterclaim and that judgment be entered in favor of Counter-Defendants;

2. That Counter-Defendants be awarded their costs and attorneys' fees incurred herein;

3. That the Court grant such other relief as it deems just and proper.

Dated: September 19, 2012

Respectfully submitted:

**THE TAILLIEU LAW FIRM**
OLIVIER A. TAILLIEU

By: */s/ Olivier A. Taillieu*
Attorney for Plaintiff/Counter-Defendants ROCK AND ROLL RELIGION, INC. and DEFIANCE USA, INC.