

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCK AND ROLL RELIGION, INC., a California corporation, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> CELS ENTERPRISES, INC., a New York corporation; ROBERT GOLDMAN, an individual, <br><br> Defendants/Counterclaimants. | CASE NO. CV09-5258-R <br><br> ORDER DENYING EX PARTE APPLICATION FOR LEAVE TO FOURTH AMENDED COUNTERCLAIM AND FOR CONTINUANCE OF TRIAL DATE |

Counterclaimants are seeking leave to amend their counterclaims to add two new Counterdefendants, Bluestar, LLC, and EL, LLC.

A party may amend its pleading with leave of the court, and leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). In general, however, after the District Court sets a scheduling order, a party's ability to amend is governed by the "good cause" standard in Fed. R. Civ. P. 16, and not the "liberality" standard of Fed. R. Civ. P. 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

The focus of the "good cause" inquiry is whether the party seeking amendment of the pleadings and scheduling order was diligent in bringing the request for amendment. Id. Crucial to this inquiry is the moving party's reason for seeking amendment. Id.

Here, Counterclaimants seek to join as Counterdefendants Bluestar, LLC, and EL, LLC. It is undisputed that both entities are holders of an interest in the contested ENGLISH LAUNDRY mark. What is genuinely in dispute is the diligence of Counterclaimants in seeking this proposed amendment.

Bluestar and EL's respective interests in the ENGLISH LAUNDRY mark were made public in March 2011, more than one year before the Ninth Circuit remanded this matter to this Court. Counterclaimants had an opportunity at the time of their request for a scheduling order to ask this Court for leave to amend. Instead, Counterclaimants elected to ask this Court to set a date for Counterdefendant Rock & Roll Religion to answer the Third Amended Counterclaim. The proposed amendment is therefore untimely.

Counterclaimants contend that their motive for seeking amendment is efficiency. The Court has considered the possibility of inefficiency resulting from requiring multiple actions; however, the Court concludes that in the interests of justice, leave to amend must be denied. Counterdefendant and Plaintiff Rock & Roll Religion initiated this action in 2008 and would be prejudiced by further delay in the determination of each party's respective rights in their trademarks. In contrast, Counterclaimants are not prevented from bringing a separate action against Bluestar, LLC and EL, LLC, and therefore will suffer no prejudice if leave to amend is denied.

IT IS HEREBY ORDERED that Counterclaimant's Application for Leave to Amend and For Continuance of Trial Date is DENIED.

Dated: October 11, 2012.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE